1  REX DARRELL BERRY, State Bar No. 110219
   SCOTT M. PLAMONDON, State Bar No. 212294
2  BERRY & BLOCK LLP
   2180 Harvard Street, Suite 560
3  Sacramento, CA  95815
   (916) 564-2000
4  (916) 564-2024 FAX

5  Attorneys for Plaintiffs, Just Water Heaters, Inc.
   and Water Heaters Only, Inc.

6

7              UNITED STATES DISTRICT COURT

8              NORTHERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| 10  JUST WATER HEATERS, INC., a California corporation; WATER HEATERS ONLY, INC., a California corporation, | CASE NO. |
| 11 | **COMPLAINT FOR COPYRIGHT INFRINGEMENT, INJUNCTIVE RELIEF AND IMPOUNDMENT; CONSTRUCTIVE TRUST; AND UNFAIR COMPETITION** |
| 12 |  |
| 13          Plaintiffs, |  |
| 14  v. | **PLAINTIFF HEREBY DEMANDS A JURY TRIAL** |
| 15  AFFORDABLE WATER HEATERS AND PLUMBING, INC., a California corporation, |  |
| 16 |  |
| 17          Defendants. |  |

18          Plaintiffs, Just Water Heaters, Inc. and Water Heaters Only, Inc., by and

19  through their attorneys, hereby complain against the above-named defendant and

20  alleges as follows:

21                    I.    JURISDICTION

22          1.    These claims for relief arise under the Laws of the United States,

23  namely the Copyright Act, as well as the statutory and common laws of the State

24  of California.

25          2.    This Court has exclusive jurisdiction over the First Claim for

26  Relief, without regard to the amount in controversy or the citizenship of the

27  parties, under 28 U.S.C. sections 1331 and 1338(a) because the claims arise

28  under the Copyright Act, 17 U.S.C. section 101 *et seq.*

JUST WATER HEATERS, INC.'S COMPLAINT FOR
COPYRIGHT INFRINGEMENT, ETC.

3.      This Court has supplemental jurisdiction over the remaining claims for relief, without regard to the amount in controversy or the citizenship of the parties, under 28 U.S.C. section 1367(a), because this claim arises out of the same set of facts and circumstances and forms part of the same case or controversy.

## II.      VENUE

4.      Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) because a substantial part of the events giving rise to plaintiff's claims occurred in this District.

## III.      THE PARTIES

5.      Plaintiff Just Water Heaters, Inc. is a corporation with its principal place of business located at 3400 Investment Boulevard, Hayward, California.

6.      Plaintiff Water Heaters Only, Inc. is a corporation with its principal place of business located at 970 E. Main, No. 200, Grass Valley, California.

7.      Upon information and belief, Defendants Affordable Water Heaters and Plumbing, Inc., ("defendant") is a California Corporation with its principal place of business located at 24707 San Fernando Road, Santa Clarita, California.

8.      The true names, capacities and identities of defendants sued herein and under the fictitious names of DOES 1 through 50, inclusive, whether individual, corporate, or otherwise, are unknown to plaintiff at this time, and plaintiff will amend this complaint by inserting the true names of said defendants when said true names and identities are ascertained.  Plaintiff is informed and believes, and based on said information and belief, alleges thereon that each of the defendants designated herein as DOES 1 through 50, inclusive, is legally responsible in some manner for the events and happenings herein referred to, and all of plaintiff's injuries and damages as herein alleged were proximately caused by said defendants.

/ / /

JUST WATER HEATERS, INC.'S COMPLAINT FOR COPYRIGHT INFRINGEMENT, ETC.

9.      Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, each of the defendants was acting as agent, employee, servant, partner, and/or joint venturer of the remaining defendants, and all the acts complained of herein were done within the course and scope of said agency, employment, servitude, partnership and/or joint venture, and that all the acts alleged herein committed by each defendant were ratified and approved by the remaining defendants and/or done with the knowledge, consent and permission of the other defendants.

## IV.    FACTS COMMON TO ALL CLAIMS FOR RELIEF

10.     Plaintiffs are well known in Northern California as reputable providers of high quality services pertaining to residential and commercial water heater installation, maintenance, and repair.

11.     Plaintiffs own copyrights covering of plaintiffs' advertising materials.  Plaintiffs have applied for copyright registration with the U.S. Copyright Office covering the protectable content of stickers containing emergency water heater shutdown procedures.  These applications were filed on or about November 21, 2005.

12.     Plaintiffs have not entered into an agency agreement, written or otherwise, with defendants for the sale, distribution or licensing of plaintiffs' copyrighted content.

13.     Plaintiffs have discovered that defendants, and each of them, are selling, marketing, reproducing and making derivative products from the above-referenced copyrighted materials and distributing the same without any license to do so and without payment of moneys to plaintiff for the use of such materials.

14.     Plaintiffs have discovered that, in addition to distributing unauthorized reproductions and derivative works of their copyrighted materials, defendants are purposely misleading consumers in Northern California so as to

1  cause those consumers to believe that they had previously conducted business

2  with defendants when in fact they have not.

3  **FIRST CAUSE OF ACTION**

4  **(Copyright Infringement, 17 U.S.C. § 101, *et seq*.)**

5      15.    Plaintiff realleges, as if fully set forth herein, the allegations

6  contained in paragraphs 1 through 14.

7      16.    Plaintiffs hold copyrights on their water heater safety materials.

8  Plaintiffs individually and collectively own all right, title, and interest in and to

9  plaintiffs' copyrights, and have not licensed or authorized the copying,

10  reproduction, distribution or sale of his copyrighted works by defendants for any

11  purpose.

12      17.    Beginning prior to October of 2005, defendants have copied,

13  reproduced, and distributed copies of plaintiffs' copyrighted materials without

14  plaintiffs' consent or authorization or any license to do so.  Defendants have

15  infringed plaintiffs' exclusive rights in and to plaintiffs' copyrights, in violation

16  of 17 U.S.C. section 106 by copying, reproducing, and distributing plaintiffs'

17  materials.  Defendants have engaged in this infringement knowingly and

18  intentionally.

19      18.    As a direct consequence and result of defendants' infringing

20  activities, defendants have been unjustly enriched by any profits attained by the

21  performance of services, and plaintiffs have been damaged in an amount to be

22  established at trial in the form of lost revenues and profits, sales, reputation,

23  goodwill, and business opportunities.  Alternatively, plaintiff may elect to seek

24  statutory damages in a sum to be determined at the time of trial.  Furthermore,

25  plaintiff seeks statutory damages for intentional and willful infringement of

26  plaintiffs' copyrighted materials.

27      19.    Plaintiffs further seek from this Court an order under 17 U.S.C.

28  §503(a) impounding all copies of plaintiffs' materials in the defendant's

4

JUST WATER HEATERS, INC.'S COMPLAINT FOR
COPYRIGHT INFRINGEMENT, ETC.

possession which are unlawfully being held in violation of the copyright law in order to prevent any further reproductions and distributions pending the outcome of this litigation.

20.     Upon information and belief, defendants threaten to continue to do the acts alleged of herein and, unless restrained and enjoined, will continue to do so, all to plaintiffs' irreparable damage.  It would be difficult to ascertain the amount of compensation which could afford plaintiffs adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required.  Thus, plaintiffs' remedy at law is not adequate to compensate them for the injuries threatened.  Plaintiffs therefore seek preliminary and permanent injunctive relief ordering the defendants to stop all further reproductions and distributions of materials using plaintiffs' materials.

WHEREFORE, plaintiffs pray for judgment against defendants and each of them as hereinafter set forth below.

## SECOND CAUSE OF ACTION

### (Quasi-Contract – Unjust Enrichment)

21.     Plaintiffs realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 20.

22.     From prior to October 2005 to the present, plaintiffs are informed and believe and thereon allege that the defendants have improperly reproduced materials owned by the plaintiffs, and have distributed these materials without any license having been granted by the plaintiffs to do so.  The plaintiffs never intended to gratuitously allow defendants to use these materials in any form unless just compensation was received by them.

23.     The defendants have not adequately compensated plaintiffs for their use of their materials, and continue to use the images without their permission.

24.     Plaintiffs are informed and believe and thereon allege that, as a proximate result of defendants' conduct as herein alleged, the defendants had no

JUST WATER HEATERS, INC.'S COMPLAINT FOR COPYRIGHT INFRINGEMENT, ETC.

right of any kind to use, produce, market, or sell any products containing plaintiffs' images without just compensation to the plaintiffs.

25. As a proximate result of the wrongful acts herein alleged, these defendants have been unjustly enriched, and plaintiffs have been damaged, in an amount measured by the profits attained by the defendants from the use of plaintiffs' materials.

WHEREFORE, plaintiffs prays for judgment against defendants and each of them as hereinafter set forth below.

### THIRD CAUSE OF ACTION
### (Constructive Trust and Accounting)

26. Plaintiff realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 25.

27. The conduct of defendants as alleged herein has further resulted in the defendants' wrongful use of plaintiffs' materials without adequate compensation to plaintiffs. Plaintiffs have never agreed to allow defendants to use their materials without compensation. However, upon information and belief, defendants have been and continue to be receiving a substantial benefit from the plaintiffs' materials while depriving the plaintiffs any payments for said use.

28. By virtue of defendants' conduct herein alleged, defendants hold all moneys owed to plaintiffs in the form of all profits earned from the use of plaintiffs' copyrighted materials, as constructive trustees for plaintiffs' benefit.

29. As a result of the aforementioned conduct of the defendants, an actual controversy has arisen and now exists between plaintiffs and defendants relating to the legal rights and duties of said parties with regard to the constructive trust held by defendants for the plaintiffs. Plaintiffs desire a judicial determination of the parties' rights and duties with regard to this constructive trust.

JUST WATER HEATERS, INC.'S COMPLAINT FOR
COPYRIGHT INFRINGEMENT, ETC.

30.     Plaintiffs do not know the amount of all moneys received by defendants from the use of plaintiffs' materials, or the amount of all profits earned from services performed as a result of using plaintiffs' materials and demand that the court order an accounting to determine the total amount collected by the defendants from the use of these materials and all derivatives thereof.

WHEREFORE, plaintiffs pray for judgment against defendants and each of them as hereinafter set forth below.

**FOURTH CAUSE OF ACTION**

**(Business and Professions Code § 17200)**

31.     Plaintiffs repeat and incorporate the allegations contained in paragraphs 1-30.

32.     The above acts are a violation of California laws, including without limitation, California Civil Code section 1709, *et seq*., and therefore constitute an unlawful business practice within the meaning of Business and Professions Code section 17200.

33.     Defendants' acts were intended to and are likely to mislead the general public in that defendants have repeatedly made false statements with the intent to induce others to alter their positions to the injury or detriment of plaintiffs.

34.     As a direct and proximate result of defendants' conduct, defendants have received and continue to receive business revenues that rightfully belong to plaintiffs.

WHEREFORE, plaintiffs pray for judgment against defendants and each of them as hereinafter set forth below.

/ / /

/ / /

/ / /

JUST WATER HEATERS, INC.'S COMPLAINT FOR
COPYRIGHT INFRINGEMENT, ETC.

**FIFTH CAUSE OF ACTION**

**(Fraud & Deceit)**

35.     Plaintiffs repeat and incorporate the allegations contained in paragraphs 1-34.

36.     On or about October 1, 2005 defendants began disseminating stickers to the general public in Northern California.

37.     The stickers distributed by defendants contain information relating to emergency procedures for shutting down a water heater in the even of an emergency.

38.     The stickers also contain several telephone numbers, which can be used to contact defendants' company to obtain professional plumbing repair services relating to the water heater.

39.     Upon information and belief, notwithstanding the fact that defendants had never conducted business operations in Northern California, defendants' stickers instructed consumers to place the sticker "over our old sticker on their existing water heater."

40.     Defendants made these statements with the intent to deceive and defraud plaintiff's and their customers, and to induce consumers to enter into business relationships under false pretenses.

41.     Because defendants knew that no "old stickers" relating to their business existed, it is apparent that at the time these statements were made by defendants, defendants knew that they were in fact false and misleading.  The "old stickers" to which defendants refer were and are in fact the plaintiffs' old stickers.

42.     Upon information and belief, plaintiffs' clients have relied on these false and misleading statements and these statements were material in these consumers' decisions to enter into business relationships with defendants under false pretenses.

JUST WATER HEATERS, INC.'S COMPLAINT FOR
COPYRIGHT INFRINGEMENT, ETC.

43.     As a result of defendants' deceptive practices, plaintiffs have been damaged in an amount to be proven at trial.

WHEREFORE, plaintiffs pray for judgment against defendants and each of them as hereinafter set forth below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests judgment as follows:

**On Plaintiffs' First Claim for Relief for Copyright Infringement:**

1.     Pursuant to 17 U.S.C. section 502, that defendants' and defendants' officers, agents, servants, employees, attorneys, successors and assigns, and persons in active concert or participation with any of them be enjoined and restrained during the pendency of this action and permanently thereafter, from:

a.     Copying, reproducing, distributing, or otherwise using plaintiffs' copyrighted materials;

b.     Concealing, destroying, or otherwise disposing of, or altering, tampering with or in any other manner secreting any records documenting the manufacture, sale, receipt, copying, or unauthorized use of things involved in shipping, delivering, holding for sale, distributing, advertising, offering for sale, selling, copying, or unlawfully using any materials of plaintiffs which are unauthorized copies or reproductions which are the subject of plaintiff's registered and common law copyrights;

c.     Other than pursuant to a Court order or a discovery instrument propounded by plaintiff, moving, destroying, concealing or otherwise disposing of any unauthorized copy of any materials which are the subject of plaintiffs' copyrights;

d.     Knowingly assisting, inducing, aiding or abetting any other person; or

e.     business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (c) above.

9

2.      Pursuant to 17 U.S.C. section 503, that defendants be required to deliver defendants' entire inventory of plaintiff's materials which contain any unauthorized copy of plaintiff's materials including, but not limited to the stickers disseminated in Northern California beginning on or around October 1, 2005 and continuing until the present which are the subject of plaintiffs' copyrights.

3.      That defendants, within thirty days after service of judgment, with notice of entry thereof upon defendants, be required to file with the Court and serve upon plaintiffs a written report under oath setting forth in detail the manner in which defendants has complied with the requirements of paragraphs 42 and 43.

4.      That, pursuant to 17 U.S.C. section 504, plaintiffs be awarded defendants' profits stemming from their infringing activities as well as plaintiffs' damages including their lost revenues, sales, reputation, and business opportunities.

5.      That, alternatively, pursuant to 17 U.S.C. section 504, plaintiff be awarded statutory damages as to each defendant in an amount to be determined at the time of trial.

6.      That, pursuant to 17 U.S.C. section 504, plaintiff be awarded statutory damages against defendants for willful infringement at the maximum amount allowed under the law.

7.      That, pursuant to 17 U.S.C. section 505, plaintiff be awarded their costs and attorneys fees incurred in this action.

**On Plaintiffs' Second Claim for Relief for Unjust Enrichment:**

8.      For general and special damages according to proof;

9.      For interest at the legal rate according to proof;

10.     For costs of suit herein incurred;

11.     For an order from this court requiring defendants to assign to

10

1   Plaintiffs the telephone numbers printed on the stickers.

2          12.    For such other relief as the court deems just and proper.

3   **On Plaintiffs' Third Claim for Relief for Constructive Trust and**

4   **Accounting:**

5          13.    For an order declaring that defendants hold in trust for plaintiffs'

6   benefit all moneys received from the sales of products which include plaintiffs'

7   materials from the first distribution date until the time of trial;

8          14.    For an accounting of all monies found owing to plaintiffs;

9          15.    For damages in the amount of all monies found owing to plaintiffs;

10         16.    For interest at the legal rate according to proof;

11         17.    For costs of suit herein; and

12         18.    For an order from this court requiring defendants to assign to

13  plaintiffs the telephone numbers printed on the stickers.

14         19.    For such other and further relief as the Court may deem just and

15  proper.

16  **On Plaintiff's Fourth Claim for Unfair Business Practices:**

17         20.    For general and special damages according to proof;

18         21.    For interest at the legal rate according to proof;

19         22.    For costs of suit herein incurred;

20         23.    For attorneys' fees pursuant to Cal. Code Civ. Proc. section 1021.5;

21         24.    For an order from this court requiring defendants to assign to

22  plaintiffs the telephone numbers printed on the stickers.

23         25.    For such other relief as the court deems just and proper.

24  **On Plaintiff's Fifth Claim for Fraud and Deceit:**

25         26.    For general and special damages according to proof;

26         27.    For costs of suit herein incurred;

27         28.    For punitive damages;

28  / / /

JUST WATER HEATERS, INC.'S COMPLAINT FOR
COPYRIGHT INFRINGEMENT, ETC.

29.     For an order from this court requiring defendants to assign to plaintiffs the telephone numbers printed on the stickers.

30.     For such other relief as the court deems just and proper.

DATED:  December 2, 2005                    BERRY & BLOCK LLP


                                            By /s/ SCOTT M. PLAMONDON
                                               REX DARRELL BERRY
                                               SCOTT M. PLAMONDON,
                                               Attorneys for Plaintiffs Just
                                               Water Heaters, Inc. and Water
                                               Heaters Only, Inc.

Y:\SPlamondon\Client Files\Just Water Heaters Inc\Pleadings\Complaint112805.doc

JUST WATER HEATERS, INC.'S COMPLAINT FOR
COPYRIGHT INFRINGEMENT, ETC.