**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUST WATER HEATERS INC., a California corporation; WATER HEATERS ONLY, INC., a California corporation,<br><br>        Plaintiffs,<br><br>   v.<br><br>AFFORDABLE WATER HEATERS AND PLUMBING, INC., a California corporation,<br><br>        and<br><br>DOES 1-50, inclusive,<br><br>        Defendants. | No. C-05-4996 SC<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS<br><br>AND<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR A PRELIMINARY <u>INJUNCTION</u> |

## I. **INTRODUCTION**

Plaintiffs Just Water Heaters, Inc. and Water Heaters Only ("Plaintiffs") brought this action against Affordable Water Heaters and Plumbing, ("Defendant" or "Affordable"), alleging, <u>inter</u> <u>alia</u>, copyright infringement, false advertising, and fraud.

Presently before the Court is Affordable's motion to dismiss Plaintiffs' claims pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and (b)(6) and Plaintiffs' motion for a preliminary injunction.

The Court, having reviewed the parties' submissions, hereby GRANTS IN PART and DENIES IN PART Defendant's motion to dismiss. The Court also DENIES Plaintiffs' motion for a preliminary injunction.

## II. BACKGROUND

The following allegations are taken from the Complaint and will be assumed as true for purposes of this Order.[1]

Plaintiffs, providers of water heater installation, maintenance and repair to residential and commercial customers, "have applied for copyright registration with the U.S. Copyright Office covering the protectible content of stickers containing emergency water heater shutdown procedures." Complaint ¶¶ 10, 11 ("Compl.").

Plaintiffs "have discovered that defendants...are selling, marketing, reproducing and making derivative products" from these emergency stickers. Id. ¶ 13. Defendant, Plaintiffs assert, has been distributing similar stickers without a license and without payment to Plaintiffs for their use. Id. Furthermore, Plaintiffs contend that Affordable has "included statements with its materials designed to purposely mislead consumers in Northern California so as to cause those consumers to believe that they had previously conducted business with defendants when in fact they have not." Id. ¶ 14.

In the Complaint, Plaintiffs allege (1) copyright infringement under 17 U.S.C. § 101, et seq.; (2) unjust enrichment; (3) that Affordable should hold the ill-gotten gains in a constructive trust and should put forth an accounting of such gains; (4) making false statements with the intent to induce

---

[1] The Complaint referred to here is actually the First Amended Complaint and was filed before any responsive pleading was filed. For purposes of this Order, the Court will refer to this Amended Complaint as the Complaint.

-2-

others to alter their positions to the injury of Plaintiffs, violations of California Business and Professions Code § 17200; (5) fraud and deceit; and (6) false advertising under the Lanham Act. Compl. at 10-13.

### III. LEGAL STANDARD

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "In reviewing a 12(b)(6) motion, this Court must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the plaintiff." Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996); see also Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). The complaint need not set out the facts in detail; what is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a); see also La Salvia v. United Dairymen, 804 F.2d 1113, 1116 (9th Cir. 1986). Thus, the Court's task "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998).

The Federal Courts have "original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. The Federal Courts have supplemental jurisdiction over state law claims if the claims are "so related" to the federal claims that they "form part of the same case or controversy." 28 U.S.C. § 1367.

-3-

A Federal Court may examine the question of subject matter jurisdiction <u>sua</u> <u>sponte</u>.  <u>See</u> <u>Steel Company v. Citizens for a Better Environment</u>, 523 U.S. 83, 94 (1998).  Federal Courts must normally determine issues of subject matter jurisdiction before considering a case on its merits.  <u>Id</u>.  When a court lacks jurisdiction, the "only function remaining to the court is that of announcing the fact and dismissing the cause."  <u>Id</u>., quoting <u>Ex parte McCardle</u>, 7 Wall. 506, 514 (1868).

**IV.  DISCUSSION**

   A.   <u>First Claim:  Copyright Infringement</u>

A Court does not have jurisdiction over a copyright claim until the copyright has been registered:  "[N]o action for infringement of the copyright in any United States work shall be instituted until...registration of the copyright claims has been made in accordance with this title."  17 U.S.C. § 411.[2]

The Circuit Courts are split over when "registration" occurs.  Specifically, does registration occur when the Register of Copyrights issues a certificate of registration <u>or</u> does it occur when the registration is pending after the applicant has initiated the process by depositing a copy of the work, along with an application and filing fee, with the Copyright Office?  <u>See</u> <u>Loree Rodkin Management Corp., v. Ross-Simons, Inc.</u>, 315 F. Supp. 2d 1053, 1054-1055 (C.D. Cal. 2004).

The Second and Eleventh Circuits find that a certificate of

---

[2] The Court notes that while registration is not a prerequisite to having a protectible interest in a work, it is a jurisdictional requirement to initiating an infringement suit in Federal Court.  <u>See</u> 17 U.S.C. §§ 408(a) and 411(a).

-4-

1  registration is a prerequisite to filing suit.  The Second Circuit
2  has stated that it "is well-settled that the court lacks subject
3  matter jurisdiction unless the claimant has a registration or its
4  registration has been refused."[3]  The Eleventh Circuit has stated
5  that "[r]eceipt of an actual certificate of registration or denial
6  of same is a jurisdictional requirement, and this court cannot
7  prejudge the determination to be made by the Copyright Office."
8  M.G.B. Homes, Inc. v. Ameron Homes, Inc. et al., 903 F.3d 1486,
9  1488, n.4 (11th Cir. 1990), quoting Demetriades v. Kaufman, 680
10 F.Supp. 658, 661 (S.D.N.Y. March 8, 1998).

11      These Circuits read several sections of the Copyright Act
12 ("Act"), codified at 17 U.S.C. § 101 et seq., together to provide
13 the answer.  For example, Section 410(a) states that "after
14 examination" and determination by the "Register of Copyrights"
15 that the "material deposited constitutes copyrightable subject
16 matter and that the other legal and formal requirements of this
17 title have been met, the Register shall register the claim and
18 issue to the applicant a certificate of registration under the
19 seal of the Copyright Office."  (Emphasis added.)  These Circuits
20 find it significant that Sections 410(d) and 411(a) state that the
21 Register can refuse to issue a certificate of registration and
22 that an applicant has recourse to the Courts to argue for the

---

[3] As support for this, the Second Circuit cites Noble v. Town Sports, Int'l, Inc., 1998 U.S. Dist. No. C-96-4257, 1998 WL 43127 at *1 (S.D.N.Y. February 2, 1998):  "District courts are without subject matter jurisdiction to hear claims for federal copyright infringement unless a party asserts in its pleadings that he has received an actual certificate of registration or its denial from the Copyright Office."

-5-

registrability of a work.

Other Circuit Courts, such as the Fifth Circuit, relying on 17 U.S.C. § 408(a), contend that registration occurs when a person has deposited the required materials. Section 408(a) states that the "owner of copyright or of any exclusive right in the work <u>may obtain registration of the copyright claim</u> by delivering to the Copyright Office the deposit specified by this section, together with the application and fee." (Emphasis added.) "[I]t is not necessary to prove possession of a registration certificate. One need only prove payment of the required fee, deposit of the work in question, and receipt by the Copyright Office of a registration application." <u>Apple Barrel Productions, Inc. v. R.D. Beard, et al.</u>, 730 F.2d 384, 386-387 (5th Cir. 1984).

The Ninth Circuit has yet to decide the issue and the District Courts of this Circuit do not always agree with each other. <u>See</u> <u>Loree Rodkin Management</u>, 315 F. Supp. 2d at 1055, n.1. For example, one Court declared that "works with pending registrations will be given the benefit of the presumption of ownership." <u>In re Napster Inc. Copyright Litigation</u>, 191 F. Supp. 2d 1087, 1102 (N.D. Cal. 2002). The Court reasoned that the language of Section 410(d) ("[the] effective date of a copyright registration is the day on which an application...[is] received in the Copyright Office") settled the matter. <u>Id</u>.

Another Court, however, declared that a "close reading of the [Copyright] Act indicates that registration does not occur until after the Copyright Office issues a certificate of registration." <u>Ryan et al. v. Carl Corporation, et al.</u>, No. C-97-3873, 1998 WL

-6-

1  320817 at *2 (N.D. Cal. June 15, 1998). The Court reasoned that
2  because Section 410(a), which is quoted above, "indicates that the
3  Copyright Office, not the applicant, registers a claim, and that
4  examination is a prerequisite to registration," the Section "cuts
5  against plaintiffs' position of automatic registration." Id.

6  Still another Court, building on the reasoning in Ryan,
7  stated that:

> If 'registration' is complete upon receipt of the application materials by the Copyright Office, then an application that would later be rejected by the Copyright Office could support an infringement action prior to receiving a certificate or denial thereof and without satisfying the condition that Congress included for bringing actions upon rejection, that is, to give notice to the Copyright Office. Interpreting the Act to require a certificate prior to bringing an infringement action gives effect to the requirements for bringing a claim upon rejection of the copyright application contained in 17 U.S.C. § 411(a).

Brush Creek Media, Inc. v. Boujaklian et al., No. C-02-3491, 2002 WL 1906620 at *4 (N.D. Cal. August 19, 2002).

This Court finds that the Act supports the position that registration occurs when the Copyright Office issues a certificate of registration. The Court cannot accept the idea that an applicant can confer a copyright on his work - and thereby invoke the weighty protections of federal law - merely by depositing materials and a fee with the Copyright Office. Such a notion goes against the language of the Act, which requires registration or refusal of registration by the Register of Copyrights as a prerequisite to filing suit.

Based on the foregoing, the Court finds that it lacks jurisdiction over Plaintiffs' claim for copyright infringement. Plaintiffs concede that they only have deposited the application

-7-

materials.  See Compl. ¶¶ 10, 11.  Plaintiffs have not pled that they possess a certificate of registration.

Accordingly, the Court GRANTS Defendant's motion under FRCP 12(b)(1) as to this claim and DISMISSES Plaintiffs' claim of copyright infringement.

B.  Second and Third Claims:  Unjust Enrichment and Constructive Trust and an Accounting

Plaintiffs contend that Affordable has "not adequately compensated plaintiffs for their use of [Plaintiffs'] materials" and therefore Affordable has been unjustly enriched and that Affordable should account for all profits and then hold them in a constructive trust for Plaintiffs.  Compl. ¶¶ 22-25, 28.

Affordable contends that this claim is preempted by the Copyright Act.  Defendant's Memorandum in Support of Motion to Dismiss at 8 ("Def.'s Mem.").

Claims for unjust enrichment - the unjust retention of a benefit obtained from another without offering compensation - under California law are generally preempted by the Copyright Act because the elements of a claim for unjust enrichment do "not qualitatively change the rights at issue, the rights the plaintiff holds in the copyrighted work."  See Del Madera Properties v. Rodes and Gardner, Inc., 820 F.2d 973, 977 (9th Cir. 1987); Zito v. Steeplechase Films Inc., 267 F. Supp. 2d 1022, 1027 (N.D. Cal. 2003).

Ordinarily, the Court would be compelled to dismiss this claim on preemption grounds.  Plaintiffs' claim is, however, saved because of the existence of the claim of false advertising under

-8-

§ 43 of the Lanham Act, 15 U.S.C. § 1125(a).  Specifically, as part of their false advertising claim under the Lanham Act, Plaintiffs incorporated all foregoing allegations, thus subsuming the unjust enrichment claim under the claim for false advertising.

Similarly, because the claims for constructive trust and an accounting are linked to the claims of unjust enrichment, Plaintiffs' third claim withstands the motion to dismiss.

The Court DENIES Defendant's motion to dismiss Plaintiffs' second and third claims.

### C. Fourth Claim: California Business and Professions Code § 1709 et seq.

Plaintiffs contend that Affordable, by making false statements with the intent to induce others to alter their positions to the detriment of Plaintiffs, have misled the general public, a violation of California Business and Professions Code § 1709 et seq., constituting an unlawful business practice within the meaning of California Business and Professions Code § 17200. Compl. ¶¶ 32-33.

Affordable contends that Plaintiffs have not pled facts sufficient to state a claim.  Specifically, Affordable contends that Plaintiffs have not alleged any "injury in fact," or "any intentional deceit or any change in position on the part of Plaintiffs that resulted in injury."[4]  Def.'s Mem. at 11.

California Civil Code § 1709, "Fraudulent Deceit," states

---

[4] Defendant also contends that the Act preempts this claim. Def.'s Mem. at 12.  Because the Court is dismissing the claim on other grounds, it need not consider the preemption issue at this time.

-9-

that one "who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage he thereby suffers." One must allege that the person who suffered damage, "has suffered injury in fact and has lost money or property as a result of such unfair competition." California Business and Professions Code § 17204.

Plaintiffs have not pled facts sufficient to state a claim for a violation of § 1709. While they have stated that "[c]onsumers will be injured or placed at risk when they are deceived," Plaintiffs have not pled that these consumers have suffered an injury in fact <u>and</u> that they have lost money or property because of the alleged fraudulent deceit. Plaintiffs' Memorandum in Opposition to Motion to Dismiss at 9 ("Pls.' Mem."). Rather, Plaintiffs have stated that they, Plaintiffs, have suffered an injury in fact because "Affordable is receiving business revenues that rightfully belong to Plaintiffs." <u>Id</u>.

Because Plaintiffs have failed to state a claim, the Court GRANTS Affordable's motion and DISMISSES Plaintiffs' fourth claim.

D.     <u>Fifth Claim:  Fraud and Deceit</u>

Plaintiffs contend that Affordable has committed fraud and deceit by sending their (Affordable's) stickers to consumers and instructing consumers to place this sticker over Affordable's old stickers. Compl. ¶¶ 36-41. These new stickers have Affordable's, rather than Plaintiffs', telephone numbers, thereby allegedly deceiving customers into entering business relationships under false pretenses and diverting business from Plaintiffs. <u>Id</u>.

Affordable contends that Plaintiffs failed to plead this

-10-

claim with particularity, as required by the heightened pleading requirements of FRCP 9(b). Def.'s Mem. at 12. Affordable also contends that this claim is preempted by the Act.[5]

While notice pleading is nearly always sufficient, in all averments of fraud or mistake the circumstances constituting fraud or mistake shall be stated "with particularity." FRCP 9(b). Plaintiffs must put forth the "who, what, where, and when of the alleged fraud" in order to "assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." Ackerman v. Northwestern Mutual Life Insurance Company, 172 F.3d 467, 469 (7th Cir. 1999). FRCP 9(b)'s particularity requirement is in place so that the "defendant can prepare an adequate answer from the allegations," Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989), and "not just deny that [he has] done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985).

Fraud, under California law, consists of the following elements: (1) misrepresentation; (2) scienter; (3) intent to induce reliance; (4) justifiable reliance on the misrepresentation; and (5) damage caused by reliance on the misrepresentation. Witkin, Summary of California Law, Volume 5, Torts, § 772 (10th ed. 2005).

Plaintiffs have not stated a claim for fraud. Plaintiffs have not pled facts that they relied on any misrepresentation by Defendants to their detriment. While some consumers may have been

---

[5] Because the Court dismisses this claim on other grounds, it is unnecessary for it to rule on the issue of preemption.

-11-

defrauded by Affordable, it is unclear how Plaintiffs have been.

Accordingly, the Court GRANTS Affordable's motion and DISMISSES this claim.

### E. Sixth Claim: False Advertising Under 15 U.S.C. § 1125(a)

Plaintiffs contend that Affordable's statements (that is, instructing consumers to place Affordable's sticker "over our old sticker") are "false and misleading" and have the "capacity to deceive a substantial segment of the population...[and] will have an influence on the purchasing decision of members of the public," and therefore violates the Lanham Act. Compl. ¶¶ 39, 47-48.

Affordable contends that Plaintiffs have failed to provide a "false statement of fact" that would support a claim for false advertising and have instead provided but a "light sprinkling of facts to support the elements of a false advertising claim." Def.'s Mem. at 14-15.

To state a claim for false advertising under § 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a), a plaintiff must allege that (1) the defendant made a false statement of fact in a commercial setting about his own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of

-12-

the goodwill associated with its products.  See Southland Sod Farms v. Stover Seed Company, 108 F.3d 1134, 1139 (9th Cir. 1997). A "plaintiff may show that the statement was literally false, either on its face or by necessary implication, or that the statement was literally true but likely to mislead or confuse consumers."  Id., citing Castrol Inc. v. Pennzoil Co., 987 F.2d 939, 946 (3d Cir. 1993).

Plaintiffs have stated a claim for false advertising. Because Affordable has nailed its colors to the mast of the element of false statement, that is the issue the Court will address.  Though the statement may not be literally false, it is plausible that it likely could, under the standard stated above, mislead or confuse consumers into using Affordable's services rather than Plaintiffs'.

Accordingly, the Court DENIES Affordable's motion to dismiss this claim.

F.   Preliminary Injunction

Plaintiffs have asked the Court to "enjoin[] Affordable from distributing more confusingly similar stickers containing [the allegedly impermissible] message."  Plaintiffs' Memorandum in Support of Motion for a Preliminary Injunction at 4 (Pls.' PI Mem.").  Unless Defendant is prevented from distributing the stickers, "Plaintiffs will continue to be harmed."  Id. Plaintiffs also ask the Court to compel Defendant to assign Affordable's telephone numbers to Plaintiffs.  Id. at 11.

Defendant contends that Plaintiffs have failed to "submit any credible evidence to support their motion."  Defendant's

-13-

Memorandum in Opposition to Motion for a Preliminary Injunction at 1 ("Def.'s PI Mem."). Defendant contends that the balance of hardship tips in Defendant's favor because a preliminary injunction would result in the complete loss of Affordable's business in northern California, will chill competition and would not benefit the public. Id. at 16-17.

"The traditional equitable criteria for granting preliminary injunctive relief are (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." Dollar Rent A Car of Washington, Inc. v. Travelers Indemnity Co., 774 F.2d 1371, 1374 (9th Cir. 1985). The moving party has the burden of persuading the Court that all four factors are present. See McDonald's Corp. v. Robertson, 147 F.3d 1301 (11th Cir. 1998) (emphasis added). "The moving party may meet its burden by demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor." Id. at 1374-1375 (citations removed). "These are not separate tests, but the outer reaches of a single continuum." Id. at 1375 (citations removed).

Plaintiffs have not met their burden. First, Plaintiffs have not demonstrated that there is a strong likelihood or probability of success on the merits, despite their belief that they are "likely to succeed on the merits." Pls.' PI Mem. at 5. Plaintiffs' claim of copyright infringement has been dismissed as

-14-

have two state law claims.  The remaining state law claims pend from the remaining - and rather thin - federal claim, that is, the claim for false advertising.[6]  Though Plaintiffs have stated a claim for false advertising, Plaintiffs have not persuaded the Court that there is a strong likelihood that they will prevail on this claim.

Second, Plaintiffs contend that "irreparable injury is presumed where plaintiff demonstrates a likelihood of success on a copyright infringement claim."  Pls.' PI Mem. at 9.  Because the copyright claim has been dismissed, this contention is meritless.

Third, Plaintiffs have failed to persuade the Court that their injuries "far outweigh any harm that might be created by injunctive relief."  Id. at 10.  By assigning Affordable's telephone numbers to Plaintiffs, the Court "simply returns the parties to the status quo by causing Plaintiffs to receive the service calls they would have received had Affordable not engaged in a misleading advertising claim."  Id.  Otherwise, "Plaintiffs will no longer receive enough service calls to allow them to generate sufficient revenues to remain in business."  Id.

Defendant, however, states that, after having invested hundreds of thousands of dollars in its northern California campaign, a preliminary injunction would "constitute an arbitrary and unjust appropriation of Affordable's entire business, as

---

[6] Although it is not the Court's role to assay the weight of evidence in a motion to dismiss for failure to state a claim, it is the Court's role to assay the weight of evidence when Plaintiffs have moved for a preliminary injunction, as the criteria for judging an application for an injunction indicate.

-15-

Affordable would lose not only its business in Northern California, but potentially its entire business." Def.'s PI Mem. at 16.

In balancing the concerns of both parties, the Court finds that Plaintiffs have not demonstrated that the balance of hardships tips sharply in Plaintiffs' favor.

Accordingly, the Court DENIES Plaintiffs' motion for a preliminary injunction.

## V. CONCLUSION

The Court GRANTS Defendant's motion as to the first, fourth and fifth claims. Accordingly, the Court DISMISSES the claims for copyright infringement, violation of the California Business and Professions Code, and fraud.

The Court GRANTS Plaintiffs leave to amend these three claims. If Plaintiffs fail to file amended claims within thirty days from the date of this Order, the Court will bar Plaintiffs from bringing these claims at all. The Court reminds Plaintiffs that they must have a certificate of registration from the Register of Copyrights before they can reallege their claim for copyright infringement.

The Court DENIES Plaintiffs' motion for a preliminary injunction.

IT IS SO ORDERED.

Dated: February 23, 2006

_____
UNITED STATES DISTRICT JUDGE

-16-